IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RALPH C. DORSEY,

    Plaintiff,

v.                                               No. 09-CV-283 WJ/WPL

UNIVERSITY OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant University of New Mexico's Motion to Dismiss (Doc. 11), filed May 4, 2009, and on Plaintiff Ralph Dorsey's four motions for leave to file amended complaint (Docs. 17, 27, 30 and 32), filed May 22, October 15, and November 27, 2009. The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities. The Court concludes that the motion to dismiss should be granted and the motions to amend should be denied.

## BACKGROUND

On March 24, 2009, Plaintiff Ralph Dorsey filed a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" (Doc. 3). On April 8, 2009, before the Defendant was served, Plaintiff filed an "Amended Pleading: Pursuant to FCPR 15.1," stating:

> Plaintiff is a Physician Assistant who has not practiced in profession for more than ten years . . . . The New Mexico Medical Board referred plaintiff to the University of New Mexico's Refresher Program for plaintiff to get refreshed in recent clinical experience to satisfy suggestion for a New Mexico license . . . . Plaintiff is from New York. Plaintiff had exclusive communication via e-mail and phone conversations with the Academic Coordinator and Assistant Director, of this program, Mr. Tom White who set up an interview for July 15, 2008 to determine the amount of time the Refresher course require [sic]. Plaintiff received a letter of declination approximately five days after interview stating that the program was not suitable for Plaintiff. Mr. White . . . claims that plaintiff was declined admission into the

1

> Refresher Course because of changing policies that affected plaintiff and that these policies were evolving even prior to the interview, but never mentioned this information to plaintiff . . . . Defendant . . . only discussed the subject of time and possible expense.  Without this information, plaintiff uprooted and moved to New Mexico . . . .

Amended Complaint (Doc. 8) at 1-2.

On May 5, 2009, Defendant filed its motion to dismiss, asserting that Plaintiff has failed to state a claim upon which relief can be granted because the facts he provided neither demonstrate that Defendant deprived him "of a right secured by the Constitution and laws of the United States," nor satisfy the elements necessary to set forth a claim under 42 U.S.C. § 1983.  *See* Doc. 11 at 4.

In his Response, Plaintiff argued that Defendant did not respond to the merits of his Complaint, and that he is presenting a tort claim.  *See* Doc. 12 at 1.  He further asserts that "all of the facts or allegations that [P]laintiff has stated leads to [n]egligent [m]isrepresentation." *Id.* at 2. Plaintiff contends that Defendant "made a representation as to a past or existing material fact," and that "Plaintiff was told that an interview was needed to evaluate the length of time for refresher 'mini Sabatical.'" *Id*.  He asserts that, because he was rejected for other reasons, the representation as to the interview must have been "untrue." *Id.*  Plaintiff contends "Defendant had no reasonable grounds to believe the representations to be true because [D]efendant admitted that policies were being changed prior and even during [the] time of [the] interview." *Id.* at 2-3.  Plaintiff argues that the representations must have been made to cause him to rely on them. *Id.* at 3.  Plaintiff states that he moved from New York to New Mexico to complete the course. *Id*.  Plaintiff argues that "[t]he falsity of the representation is that [D]efendant admitted in interviews that policy rules were being made that excluded [P]laintiff's eligibility and never revealed this to [P]laintiff." *Id.*  On May 7, 2009, Plaintiff filed an "Addendum to: Plaintiff's Response to Defendant's Motion to Dismiss" containing cites from two cases*. See* Doc. 13.  Defendant filed a Reply, arguing that Plaintiff fails to assert sufficient facts to demonstrate a claim for negligent misrepresentation or to establish

2

federal jurisdiction.  *See* Doc. 15 at 2.

On May 22, 2009, Plaintiff filed a "Motion for Leave to File Amended Complaint" (Doc. 17).  In its response, Defendant contends that Plaintiff's motion should be denied because Plaintiff did not attach a copy of the proposed Amended Complaint to the motion.  *See* Doc. 20 at 2.  Plaintiff did not file a reply.  Instead, on June 8, 2009, Plaintiff filed a second Amended Complaint without first receiving permission from the Court.  *See* Doc. 24.

On October 15, 2009, Plaintiff filed another "Request [sic] Leave to Amend" (Doc. 27) and he separately filed an "Amended Pleading: Pursuant to FCPR 15.1" (Doc. 28) instead of attaching the proposed amended complaint to his motion as required by the local rule.  Defendant filed a response to that request, stating that the proposed Amended Complaint is almost identical to the one filed on April 8, 2009, which is subject to the pending motion to dismiss, and alleging that the Amended Complaint does not contain any changes that are material to the pending motion to dismiss.  *See* Doc. 29.  Defendant further contends that Plaintiff has not proffered any grounds for allowing the request to amend.  Plaintiff did not file a reply.

On November 27, 2009, Plaintiff filed a third "Plaintiff's Motion for Leave to File an Amended Supplemental Complaint" (Doc. 30) and yet another separately-filed "Amended Pleading: Pursuant to FCPR 15.1" (Doc. 31).  He then filed a similar, but not identical, "Amended Pleading" with a "Motion for Leave to File an Amended Supplemental Complaint" attached to it (Doc. 32).  In its response, Defendant argues that a motion to dismiss is pending before the Court, that Plaintiff has not set forth any grounds for why the filing of the Amended Complaint should be permitted, and that Plaintiff's Amended Complaint still fails to assert facts conferring proper jurisdiction on the Court.  *See* Doc. 33 at 2.

## DISCUSSION

"The Federal Rules of Civil Procedure direct that '[w]henever it appears by suggestion of

the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)). The federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears the burden of showing that jurisdiction exists. *Penteco Corp. Ltd. P'ship--1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The presumption is against federal jurisdiction. *Id.*

Here, Plaintiff used a form complaint for filing actions under 42 U.S.C. § 1983. *See* Doc. 3. In the Complaint, he alleged no basis for federal jurisdiction except for § 1983 and 28 U.S.C. § 1343(3) (providing for original federal jurisdiction over suits filed to redress deprivations of federal Constitutional rights). *See id.* ¶ 4 at 2. Plaintiff checked "no" in the area where he was to indicate whether Defendant was "acting under color of state law." *Id.* ¶ 2 at 1. Plaintiff then filed an Amended Complaint (Doc. 8) that also failed to allege a valid basis for the Court's jurisdiction because no facts allege that the Defendant violated Plaintiff's constitutional rights or other federal statute. The Defendant raised the issue of subject-matter jurisdiction in its Reply pertaining to its motion to dismiss. *See* Doc. 15 at 3.

Federal courts have jurisdiction over a cause of action when there is a federal question at issue, pursuant to 28 U.S.C. § 1331, and when there is diversity of the parties and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. Under 28 U.S.C. § 1331, a federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Martinez v. United States Olympic Comm.* 802 F.2d 1275, 1280 (10th Cir. 1986). The complaint must describe the statute or constitutional provision under which the claim arises as well as assert sufficient facts to demonstrate that the case does, indeed, arise under federal

4

law.  *See Martinez,* 802 F.2d at 1280.

Plaintiff's cause of action is not based on a federal question.  Even though his original Complaint was filed on a form titled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," nowhere in the alleged facts in the Amended Complaint does the Plaintiff assert that his civil rights were violated or that there was an unconstitutional act occurring under color of state law.  Plaintiff fails, in his Amended Complaint, to identify or cite to any underlying statute or constitutional provision pursuant to which his claim arises;  Plaintiff has not filed a claim that demands interpretation of federal law.  Even giving deference to Plaintiff as a pro se litigant, the Complaint fails to assert sufficient facts to extract from them a federal claim.[1]  Because Plaintiff's Amended Complaint fails to set forth sufficient facts to establish federal-question jurisdiction, the Court will examine whether diversity exists to establish this Court's subject-matter jurisdiction over this case.

Under 28 U.S.C. § 1332(a)(1), the federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and the controversy is between citizens of different states.  Allegations of diversity must be pleaded affirmatively as  "the courts . . . rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).  "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, appellate courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction." *Penteco Corp. Ltd. P'ship-1985A*, 929 F.2d at 1521 (citations omitted).  Unless "'there is no plaintiff and no defendant who are citizens of the same State,'" diversity jurisdiction cannot exist.  *Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799

---

[1] Pro se pleadings are interpreted liberally, *see Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993).  But, the pro se litigant must advocate for himself and not expect the court to provide such service. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

5

(10th Cir. 2000) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

Plaintiff has failed to establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332. According to his Amended Complaint, Plaintiff has been residing in New Mexico since July 2008, having "uprooted" himself from New York.  Doc. 8 at 2.  The University of New Mexico is a citizen of New Mexico.  There is no diversity between the parties, thus, the Court lacks subject-matter jurisdiction to hear Plaintiff's cause of action.

The Court has examined the Plaintiff's proposed Amended Complaints and concludes that none of them allege sufficient facts to establish either federal-question or diversity jurisdiction. The Court, therefore, will deny leave to amend because amendment would be futile.  *See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although FED. R. CIV. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." (citation omitted)).

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 11) is GRANTED; Plaintiff's motions for leave to amend (Docs. 17, 27, 30 and 32) are DENIED; and the case is hereby DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED**, because the Court lacks jurisdiction over this cause of action, that all prior orders issued in this case are hereby VACATED.

_____
UNITED STATES DISTRICT JUDGE